## Goldberg Appeal

*McNees, Wallace and Nurick,* for appellant.

*George L. Reed,* for Pennsylvania Labor Relations Board.

RICHARDS, P. J., October 7, 1948.—This case comes before us on appeal from an order of the Pennsylvania Labor Relations Board certifying the American Federation of Labor as the bargaining representative of the employes of the Superior Stores Company, appellant. The record having been certified to the court, argument was had thereon without the taking of any additional testimony.

### Facts

We do not deem it necessary to state the facts in any great detail. Most of them are not in dispute. We shall, therefore, mention only those which are essential to the issues raised.

Appellants, Harry Goldberg, Rose Goldberg and Nathan J. Yoffee, hereinafter referred to as employer, are copartners, trading and doing business as the Superior Stores Company. They operate eight stores in Dauphin County and two in adjoining Cumberland County. On October 1, 1947, Walter J. Tomlinson, general organizer of Local Union 1436, Retail Clerks International Association, affiliated with the American Federation of Labor, petitioned the Pennsylvania Labor Relations Board, hereinafter referred to as the board, for investigation and certification of collective bargaining representatives for the employes of said stores. The board instituted an investigation in the

course of which it ordered an election by said employes to determine their wishes with reference to collective bargaining representation. The election was held in due course, but the manner in which it was conducted gives rise to the present controversy. A representative of the board drove by automobile to the several stores, at designated times, to receive the ballots of the employes. He had a check list of the employes of each store indicating the names of those entitled to vote. The employes were permitted to leave the store, go to the automobile and receive a ballot from the board's representative. After the ballot was marked, it was deposited by the employe in a large manila envelope which was open at one end. There was nothing to prevent the board's representatives from examining the ballots, and one employe, in withdrawing his hand from the envelope, caused two ballots to fall out. The same envelope was apparently used at the several stores and was not sealed after leaving any given store.

The election resulted in 17 ballots being cast in favor of representation by the A. F. of L., and 14 against such representation. The board accordingly certified the American Federation of Labor, through its appropriate locals, as the bargaining agent of the employes.

### The Issues

1. The board has moved to dismiss the appeal upon the theory that the employer is not a party aggrieved by the certification of the bargaining agent.

2. The appeal itself is based upon the contention that the election was not conducted by secret ballot.

### Discussion

The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of May 26, 1943, P. L. 651, sec. 2, 43 PS §211.9(b), provides:

"Any person aggrieved by a final order of the Board granting or denying, in whole or in part, the relief

sought, *or by an order certifying a collective bargaining agent of employes,* may obtain a review of such order in the court of Common Pleas. . . ." (Italics supplied.)

While this section as a whole is somewhat inexpertly drawn, we cannot escape the conclusion that it was intended to allow an appeal in two types of cases: (1) from a final order of the board; and (2) from a certification of collective bargaining representation. To hold otherwise, would emasculate the words used.

The right of appeal is restricted to a person aggrieved. It is difficult to suppose that an employer is not a party aggrieved by a certification of collective bargaining representation, charged to have been determined by an election not conducted in accordance with law. His failure to bargain with the representatives is declared to be an unfair labor practice: 43 PS §211.6. For such a practice he is subjected to the authority of the board: 43 PS §211.8. His very duty to bargain depends upon the validity of the election. It seems clear to us that the employer is a party aggrieved by such an action, and that an unchallenged certification imposes additional duties upon him.

It is true that the decisions under the National Labor Relations Act, and under the Massachusetts Act, have held that an appeal lies only from a final order at which time the validity of the election may be questioned. But the provisions of those acts contain nothing comparable to that of the Pennsylvania act, which specifically allows an appeal from a certification of bargaining representatives.

On this aspect of the case we conclude that the employer is a party aggrieved by the certification and has a right to appeal therefrom. It follows that the motion to dismiss the appeal must be refused.

The act requires that upon request, an election shall be had by secret ballot: 43 PS §211.7(c). In the present

case there was a stipulation by the locals and the employer requesting such an election. The board by its order directed an election by secret ballot.

We have read with interest the respective briefs quoting authorities reciting the essentials of a secret ballot. Most of these cases relate to statutory requirements of primary or general elections. We do not feel that every requirement of such elections are necessarily applicable to an election conducted by the board to determine collective bargaining representatives. We do have a very strong feeling, however, that an election conducted in such a manner that ballots are deposited in an open envelope, with obvious opportunity to examine the ballots, both while the election is going on, and enroute between stores, as well as at the conclusion of the election, is devoid of all elements of secrecy. It is not a question of knowing or seeing how a ballot is marked, but of having an opportunity of doing so. It requires no protracted discussion to demonstrate that such opportunity existed in the present case. We are in accord, that the method of voting here employed was not by secret ballot. The board has recognized the inadequacy of the method employed by substituting a locked ballot box. This was stated by counsel at the argument. We wish to make it perfectly clear, however, that this case in nowise impeaches the integrity of the board or any of its representatives in conducting the election. The sole point at issue is the method employed. For the reasons already given, the appeal must be sustained.

### Order

And now, to wit, October 7, 1948, the appeal is sustained. It is ordered and decreed that the Pennsylvania Labor Relations Board revoke the certification of collective bargaining representatives for the employes of the Superior Stores Company.